IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS RENEE JACKSON,

        Plaintiff,                   No. CIV S-07-0954 MCE GGH P

    vs.

T. FELKER, Warden, et al.,

        Defendants.         <u>ORDER</u>

                              /

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $ 5.11 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

1    The complaint states a colorable claim for relief against defendants S. Babich, C.
2 Adams, T. Felker, M. McDonald, D. Billings, D. Gunter, D. Vanderville, G. Marshall, A.
3 Harnden, K. McCraw, M. Wright, J. Lynn, pursuant to 42 U.S.C. § 1983 and 28 U.S.C.
4 § 1915A(b).
5    As to defendants S. Cook, H. Daugher, R. Ingwerson, J. Lynn, C. Lockard, M.
6 Minnick, however, plaintiff is advised that the Civil Rights Act under which this action was filed
7 provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

11 42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the
12 actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See
13 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
14 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the
15 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
16 omits to perform an act which he is legally required to do that causes the deprivation of which
17 complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
18    Moreover, supervisory personnel are generally not liable under § 1983 for the
19 actions of their employees under a theory of respondeat superior and, therefore, when a named
20 defendant holds a supervisorial position, the causal link between him and the claimed
21 constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862
22 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.
23 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel
24 in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
25 Cir. 1982). To the extent plaintiff seeks money damages, he has failed to link defendants S.
26 Cook, H. Daugher, R. Ingwerson, J. Lynn, C. Lockard, M. Minnick to a constitutional

1 | deprivation that he has suffered and these defendants will be dismissed with leave to amend.

2 |       Just as it is not necessary to allege Monell[1] policy grounds when suing a state or municipal official in his or her official capacity for injunctive relief related to a procedure of a state entity, Chaloux v. Killeen, 886 F.2d 247 (9th Cir. 1989), it follows that it is not necessary to allege the personal involvement of a state official when plaintiffs are attacking a state procedure on federal grounds that relates in some way to the job duties of the named defendant.  All that is required is that the complaint name an official who could appropriately respond to a court order on injunctive relief should one ever be issued.  Harrington v. Grayson, 764 F. Supp. 464, 475-477 (E.D. Mich. 1991); Malik v. Tanner, 697 F. Supp. 1294, 1304 (S.D.N.Y. 1988).  ("Furthermore, a claim for injunctive relief, as opposed to monetary relief, may be made on a theory of respondeat superior in a § 1983 action."); Fox Valley Reproductive Health Care v. Arft, 454 F. Supp. 784, 786 (E.D. Wis. 1978).  See also, Hoptowit v. Spellman, 753 F.2d 779 (9th Cir. 1985), permitting an injunctive relief suit to continue against an official's successors despite objection that the successors had not personally engaged in the same practice that had led to the suit.  However, because a suit against an official in his or her official capacity is a suit against the state, a practice, policy or procedure of the state must be at issue in a claim for official capacity injunctive relief.  Haber v. Melo, 502 U.S. 21, 25, 112 S. Ct. 358, 361-62 (1991).  Since plaintiff has named the warden as a defendant, he need not name any other official at High Desert State Prison as a party to the extent that he seeks injunctive relief.

      If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed

---

[1] Monell v. Department of Social Servs., 436 U.S. 658, 98 S. Ct. 2018 (1978).

deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's motion for the appointment of counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that DATED:

1. Plaintiff's request to proceed in forma pauperis is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $ 5.11. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's claims against S. Cook, H. Daugher, R. Ingwerson, J. Lynn, C. Lockard, M. Minnick are dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this Order. Failure to file an amended complaint will result in a recommendation that these defendants be dismissed from this action.

4. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

5. Plaintiff's May 21, 2007 motion for the appointment of counsel is denied.

DATED: 02/15/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
jack0954.b1