# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

CURTIS RENEE JACKSON,

    Plaintiff,

v.

T. FELKER, WARDEN, *et al*.,

    Defendants.

Case No. 2:07-CV-00954-KJD-PAL

**ORDER**

    Presently before the Court is Defendants' Motion to Dismiss (#30). Plaintiff filed a response in opposition (#33) to which Defendants replied (#34).

I.  Background

    Plaintiff Curtis Jackson ("Jackson"), a California state prisoner, filed the present action on May 21, 2007 alleging constitutional violations under 42 U.S.C. § 1983 and the State Tort Claims Act. Plaintiff is housed at High Desert State Prison ("HDSP"). Plaintiff alleges that he was forced to double cell with inmates of his same race, African-American. His complaint alleges that he was assaulted on three different occasions by his cell mates on May 26, 2004, June 21, 2004 and October 16, 2005.

    Plaintiff also asserts that at some point in 2005 he appeared before the Institutional Classification Committee and asked that he not be classified based on race in accordance with

1  Johnson v. California, 543 U.S. 499 (2005)(holding that challenge to racially based classification
2  system required strict scrutiny standard of review, not "reasonably related to legitimate penological
3  interest" standard).  Plaintiff also alleges that in March 2006 a prison committee met where the issue
4  of classifying inmate placement by race was discussed.  Plaintiff alleges that the committee refused
5  to desegregate the cell assignments, though the minutes of the meeting reflect that Johnson was
6  discussed and that prison officials were informed that the California Department of Corrections was
7  beginning to devise a "cell desegregation plan" that would eventually be implemented at HDSP.

8      Plaintiff also alleges that he filed several appeals alleging Defendants' misconduct but that
9  they were thrown into the trash.  Plaintiff only asserted one "appeal" or grievance alleging that his
10 rights to equal protection and due process were violated by the current prisoner classification system.
11 On September 6, 2006, Plaintiff filed an appeal stating:

> "On 1-13-06 complainant appeared before ICC Captain Cook, complainant was told that since he was African-American, I had to be housed with another African-American.  I explained to the ICC Captain S. Cook that I did not want to be classified by face because (1) an African American dose [sic] something we all are punished as one and it's not right.  I further explained that I can be housed with any race, I was told that they dont[sic] have inter-racial double cells period at High Desert State Prison."

16 Plaintiff's appeal was "screened out" because it concerned "an anticipated action or decision" and
17 Plaintiff had "not reasonably demonstrated that [his] appeal issue(s) had adversely affected [his]
18 welfare." Plaintiff did not modify his appeal and refile it, nor did he appeal the screen out decision.
19 After Plaintiff filed his complaint, Defendants filed the present motion to dismiss asserting that
20 Plaintiff failed to exhaust his administrative remedies.

21 II.  Exhaustion of Administrative Remedies

22     The Prison Litigation Reform Act of 1994 requires that a prisoner exhaust any and all
23 administrative remedies before filing a case in federal court.  See Woodford v. Ngo, 548 U.S. 81, 85,
24 126 S. Ct. 2378, 2386 (2006).  "Proper exhaustion demands compliance with an agency's procedural
25 rules because no adjudicative system can function effectively without imposing some orderly
26 structure on the course of its proceedings."  Id. at 90-91.  Prisoners must complete the prison's

1  administrative process, regardless of the relief sought by the prisoner and regardless of the relief
2  offered by the process, as long as the administrative process can provide some sort of relief on the
3  complaint stated.  See Booth v. Churner, 532 U.S. 731, 741 (2001).  "All 'available' remedies must
4  be exhausted[.]" Porter v. Nussle, 534 U.S. 516, 524 (2002).  "[Proper exhaustion] means...a prisoner
5  must complete the administrative review process in accordance with the applicable procedural rules,
6  including deadlines, as a precondition to bringing suit in federal court." Ngo, 548 U.S. at 85-6.

7      A motion to dismiss for failure to exhaust nonjudicial remedies is treated as an unenumerated
8  12(b) motion.  See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  In deciding a motion to
9  dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and
10 decide disputed issues of fact.  See id. at 1119-20, citing Ritza v. Int'l Longshoremen's &
11 Warehousemen's Union, 837 F.2d 365,  369 (9th Cir. 1988).  If the district court concludes that the
12 prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without
13 prejudice.  See id. at 368 n.3 (1988).

14     The California Department of Corrections has an administrative grievance system for
15 prisoner complaints.  See Cal. Code Regs. tit. 15, §3084, *et. seq.*  "Any inmate or parolee under the
16 department's jurisdiction may appeal any departmental decision, action, condition, or policy which
17 they can reasonably demonstrate as having an adverse effect upon their welfare." Id. at 3084.1(a).
18 Four levels of appeal are involved, including the informal level, first formal level, second formal
19 level and third formal level, also known as the "Director's Level." Id. at 3084.5 (2005).  Appeals
20 must be submitted within fifteen (15) working days of the event or decision being appealed. Id. at
21 3084.5 (2005).

22     In this case, it appears that Defendant failed to exhaust the administrative remedies available
23 to him.  He failed to resubmit the appeal specifying a particular action, event or decision within the
24 fifteen day time limit that affected him.  The only events or actions complained of within his appeal,
25 by his own admission occurred, on January 30, 2006 and his appeal was not filed for another six
26 months.  Furthermore, the alleged injuries in the present complaint all occurred prior to the January

30, 2006 meeting and their causal link to the classification policy of the prison is attenuated at best. The minutes from the May 21, 2006 meeting do not help Plaintiff's claim, because it shows that, at best, Plaintiff filed his grievance at least three months late and that prison officials were anticipating policy directives from the California Department of Corrections giving them guidance in desegregating cell assignments.

Finally, even if Plaintiff were asserting that the grievance process was closed to him because his appeal had been "screened out", the record shows that Plaintiff successfully utilized the grievance procedures throughout this time period. Plaintiff not only fully grieved several complaints, many resulted in at least partial satisfaction. Thus, the Court finds that there is no credible evidence that prison administrators devised procedural requirements designed to trap unwary prisoners and defeat their claims. See Ngo, 126 S. Ct. at 2392-93. Plaintiff could have easily modified his appeal to demonstrate he had a viable, timely claim for relief, but chose not to do so. Furthermore, even if Plaintiff is still being subject to discrimination, nothing prevents him from filing a timely, current appeal alleging an equal protection claim based on a classification that is motivated solely or primarily by race.

III. State Law Claims

A district court has discretion to decline to exercise supplemental jurisdiction over a claim if all claims over which it has original jurisdiction have been dismissed. See 28 U.S.C. § 1367(c). Since the Court has dismissed all claims over which it has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state law claims.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#30) is **GRANTED**;

////

////

////

1  IT IS FURTHER ORDERED that Plaintiff's Complaint (#1) is **DISMISSED without**
2  **prejudice**.
3  DATED this 28th day of September 2009.

_____
Kent J. Dawson
United States District Judge